UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NATHAN GILLIS,

    Plaintiff,

    v.                 Case No. 12-CV-723

WILLIAM POLLARD, GARY HAMBLIN,
D. WESTFIELD, LT. BRAEMER,
CAPT. GRAFF, C.O. BEBO, C.O. MOUNGEY,
C.O. LUNDE, T. MELI, SGT. WALLER,
CAPT. O'DONOVAN, C.O. GILL,
SGT. DAHLKE, MEYER, and MS. ZANK,

    Defendants.

---

ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND/CORRECT COMPLAINT (DOC. 8), GRANTING PLAINTIFF'S MOTION TO CLARIFY ORDER (DOC. 10), DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. 11), DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. 16), DENYING AS MOOT PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION (DOC. 21), DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER (DOC. 26), DENYING PLAINTIFF'S MOTION TO PRODUCE DOCUMENTS (DOC. 37), AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC. 43)

  Plaintiff is proceeding on an Eighth Amendment claim against defendants Bebo, Moungey, and Lunde contending that they hit and rubbed his penis and testicles during pat searches. He is also proceeding on a retaliation claim against defendants Lieutenant Braemer, Captain Graff, T. Meli, Captain O'Donovan, William Pollard, Sergeant Dahlke, Meyer, Gary Hamblin, Sergeant Waller, Ms. Zank, Westfield, C.O. Lunde, and C.O. Moungey asserting that they retaliated against him for reporting the pat search conduct. Several pending motions are addressed below.

<u>Plaintiff's Motions for Clarification and Reconsideration of Screening Order</u>

As an initial matter, plaintiff has filed a motion for stipulation concerning paragraph 11 of the complaint. He asserts that he omitted the word "publication" in paragraph 11, and it should state that defendant Dahlke denied him religious calendars <u>and</u> publications. However, adding the word "publications" to paragraph 11 would not change the nature of plaintiff's retaliation claim. Hence, the motion is moot.

Plaintiff has filed a motion for clarification as to why the Screening Order dismissed defendants Kurt Klomberg and Todd Nehls (Doc. 10). He asserts that he could not get Klomberg and Nehls to investigate claims and that Klomberg will not investigate any prisoners' claims unless Warden Pollard approves. Plaintiff has also filed a motion for reconsideration regarding the dismissed claims against Klomberg and Nehls (Doc. 11). He submits that a secret agreement regarding refusal to investigate prisoner claims denied him equal protection because no other citizens in Dodge County need Warden Pollard's approval to have the District Attorney and Sheriff investigate abuse allegations.

Kurt Klomberg is the Dodge County District Attorney and Todd Nehls is the Dodge County Sheriff. With regard to Klomberg and Nehls, plaintiff's complaint asserts:

> Defendants D. Westfield, G. Hamblin, W. Pollard, K. Klomberg, T. Nehls have entered in a secret[ ] agreement that, based on race, and class that denied plaintiff equal protection of the laws, denied due process, by allowing the Warden Pollard to conduct criminal investigation related to defendants Bebo, Moungey, Lunde, Gill, Meli, Waller, Lt. Braemer, Capt. O'Donovan, Capt. Graff; this standard is applied for all prisoners at WCI, also.
>
> Defendants in [the preceding paragraph] have not been authorized by any laws state or federal that allows secret[ ] agreements; to give criminal investigation powers to defendants G. Hamblin, D. Westfield, W. Pollard.

2

Case 2:12-cv-00723-CNC   Filed 11/14/12   Page 2 of 7   Document 50

(Compl. at 3-4, ¶¶ 15-16.) Upon screening the complaint, the court did not allow plaintiff to proceed on allegations related to the "secret agreement" because the allegations are unclear and do not make sense. And, since the only allegations concerning Klomberg and Nehls are related to the secret agreement, they were dismissed.

By his motions for clarification and reconsideration, plaintiff seeks to explain his claim against Klomberg and Nehls and to proceed against them. However, because the Warden is involved with an inmate seeking to investigate correctional officers for criminal conduct does not, by itself, implicate plaintiff's constitutional rights. Plaintiff's allegations that there is a "secret agreement" between Klomberg, Nehls, and prison officials is conclusory and does not raise his right to relief above a speculative level. Hence, he will not be permitted to proceed on such a claim.

Next, plaintiff has filed a motion for reconsideration of religious claims and due process claims in the Screening Order (Doc. 16). He asks the court allow him to proceed upon First Amendment and RLUIPA claims because he was denied religious items. Plaintiff also seeks to proceed on due process claims contending that he was denied phone calls, canteen, hygiene, and release from segregation.

As indicated, plaintiff was permitted to proceed on a retaliation claim based on his allegations that defendants took actions against him for reporting sexual rubbing and hitting. (Screening Order at 4, 5.) Specifically, plaintiff charged that defendants Lieutenant Braemer, Captain Graff, T. Meli, Captain O'Donovan, and William Pollard gave him fabricated conduct reports; defendant Sergeant Dahlke denied him a religious calendar; defendants Meyer, William Pollard, and Gary Hamblin refused to cash his United States savings bond; defendants Hamblin and Pollard denied him access to his religious

3

newspapers; defendants Pollard, Hamblin, and Sergeant Waller forced him to sleep on a dilapidated mattress; defendants Graff, Ms. Zank, T. Meli, Hamblin, and Westfield denied him phone calls, canteen, hygiene, and release from segregation; and defendants Officers Lunde and Moungey denied him food and toilet paper.

Plaintiff seeks to proceed on First Amendment, RLUIPA, and due process claims as a result of each instance of alleged retaliation, set forth above. By allowing plaintiff to proceed only on a retaliation claim respecting these allegations, the court implicitly did not allow him to proceed on such individual claims. The court explicitly does not allow him to do so now. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels"). The court must analyze plaintiff's allegations under the most "explicit source[s] of constitutional protection," *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Conyers*, 416 F.3d at 586, and in this case, the primary claims are retaliation and Eighth Amendment.

<u>Plaintiff's Motions for Preliminary Injunction/Temporary Restraining Order</u>

Plaintiff has filed a motion for a temporary restraining order and a preliminary injunction requiring defendants and their agents to stop blocking complete access to the court and mail service (Doc. 21). Since filing this motion on September 17, 2012, plaintiff has filed another motion for preliminary injunction, a motion for partial summary judgment, a motion to produce documents, and a motion to appoint counsel. These filings demonstrate that plaintiff has access to the court and mail service at this time, therefore, his motion is moot.

4

Plaintiff has filed a motion for injunction and temporary restraining order for defendants to stop continually hitting and rubbing his penis and testicles during pat searches, in violation of his constitutional rights (Doc. 26). A party seeking a preliminary injunction must demonstrate that he is reasonably likely to succeed on the merits, that he is experiencing irreparable harm that exceeds any harm his opponent will suffer if the injunction issues, that he lacks an adequate remedy at law, and that the injunction would not harm the public interest. *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). "If the moving party meets this threshold burden, the district court weighs the factors against one another in a sliding scale analysis . . . which is to say the district court must exercise its discretion to determine whether the balance of harms weighs in favor of the moving party or whether the nonmoving party or public interest will be harmed sufficiently that the injunction should be denied." *Id.*; *see Joelner v. Vill. of Wash. Park*, 378 F.3d 613, 619 (7th Cir. 2004).

In this case, defendants have submitted evidence that a proper pat search requires a correctional officer to reach his hand up along the inmate's upper thigh and groin area which results in contact with the inmate's genital area through the clothing. (Greff Aff. ¶¶ 11-12.) The merits of this case have yet to be determined. However, at this early stage of the proceedings, plaintiff has not demonstrated a reasonable likelihood of success on the merits.

Plaintiff has filed a motion to have defendants produce the documents mentioned in their brief in opposition to his motion for preliminary injunction (Doc. 37). However, plaintiff may request these from defendants with a discovery request. He should seek discovery from defense without court involvement. If discovery is not provided as required,

he may file a motion to compel discovery pursuant to Federal Rule of Civil Procedure 37. However, the motion must include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Failure to proceed in that manner may result in the denial of a discovery motion.

Plaintiff's Motion to Appoint Counsel for Deposition

Lastly, plaintiff has filed a motion to appoint attorney for deposition. He seeks an attorney to represent his witnesses that defendants have requested to depose. Plaintiff asserts that his witnesses all poor, minority prisoners who have been victimized by defendants. Thus, he seeks that the court appoint an attorney to represent them and/or have defendants videotape the depositions. Such contentions do not provide a basis for appointing counsel for witnesses. On the other hand, plaintiff should have access to sworn deposition testimony. Hence, plaintiff may obtain transcripts of the depositions. Therefore,

IT IS ORDERED that plaintiff's motion to amend/correct complaint (Doc. 8) is DENIED AS MOOT.

IT IS FURTHER ORDERED plaintiff's motion to clarify order (Doc. 10) is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for reconsideration (Doc. 11) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for reconsideration (Doc. 16) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for temporary restraining order/preliminary injunction (Doc. 21) is DENIED AS MOOT.

IT IS FURTHER ORDERED that plaintiff's motion for temporary restraining order/preliminary injunction (Doc. 26) is DENIED.

IT IS FURTHER ORDERED that defendants' motion to produce documents (Doc. 37) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Doc. 43) is DENIED.

Dated at Milwaukee, Wisconsin, this 14th day of November, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U.S. District Judge